IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

**CAROLYN SUE SAYRES,**

      **Plaintiff,**

v.                                                      **Case No.: 2:15-cv-15673**

**CAROLYN W. COLVIN,**
**Acting Commissioner of the**
**Social Security Administration,**

      **Defendant.**

## MEMORANDUM OPINION

This is an action seeking review of the decision of the Commissioner of the Social Security Administration (hereinafter the "Commissioner") denying Plaintiff's application for disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-433. The case is presently before the court on the plaintiff's motion for judgment on the pleadings, seeking reversal and remand of the Commissioner's decision, and the defendant's motion to remand. (ECF Nos. 10, 13). Both parties have consented in writing to a decision by the United States Magistrate Judge. (ECF Nos. 14, 15). The court has fully considered the representations and arguments of counsel and **GRANTS** both motions. Accordingly, the court **FINDS** that the decision of the Commissioner should be **REVERSED** and **REMANDED**, pursuant to sentence four of 42 U.S.C. § 405(g), for further evaluation of Plaintiff's application as stated herein.

Plaintiff, Carolyn Sue Sayres ("Claimant"), completed an application for DIB on April 9, 2012, alleging a disability onset date of February 2, 2012, (Tr. at 141), due to "back,

knees, and feet problems and depression." (Tr. at 169). The Social Security Administration ("SSA") denied the application initially and upon reconsideration. (Tr. at 11). Claimant filed a request for a hearing, which was held on June 3, 2014 before the Honorable William R. Paxton, Administrative Law Judge ("ALJ"). (Tr. at 27-55). By written decision dated August 4, 2014, the ALJ determined that Claimant was not entitled to benefits. (Tr. at 11-22). The ALJ's decision became the final decision of the Commissioner on October 16, 2015, when the Appeals Council denied Claimant's request for review. (Tr. at 1-5).

On December 1, 2015, Claimant filed the present civil action seeking judicial review of the administrative decision pursuant to 42 U.S.C. § 405(g). (ECF No. 2). The Commissioner filed an Answer and a Transcript of the Proceedings on February 8, 2016. (ECF Nos. 8, 9). Thereafter, Claimant filed a brief in support of her request for a reversal and remand of the Commissioner's decision. (ECF No. 10). Claimant asserted that reversal and remand were appropriate, because the ALJ had committed two errors, which prevented the Commissioner's final decision from being supported by substantial evidence. In particular, Claimant contended that (1) the ALJ erred at step four of the sequential disability determination process when he found that Claimant's prior work as a hotel/motel cleaner constituted substantial gainful activity and, consequently, was past relevant work to which she could return; and (2) the ALJ failed to adequately account for Claimant's limitations in maintaining concentration, persistence, or pace in the RFC finding and corresponding hypothetical questions to the vocational expert. (*Id.*). On April 6, 2016, after being given an extension for the filing of her brief in opposition to reversal and remand, the Commissioner filed a motion for remand, acknowledging that the ALJ's decision denying benefits merited further evaluation. (ECF No. 13).

2

Title 42 U.S.C. § 405(g) authorizes the district court to remand the decision of the Commissioner of Social Security for further consideration at different stages of the judicial proceedings. When the Commissioner requests remand prior to filing an answer to the plaintiff's complaint, the presiding court may grant the request under sentence six of § 405(g), upon a showing of good cause. In addition, a court may remand the matter "at any time" under sentence six to allow "additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g). When a court remands the Commissioner's decision under sentence six, the court retains jurisdiction over the matter, but "closes it and regards it as inactive" until additional or modified findings are supplied to the court. *See McPeak v. Barnhart,* 388 F.Supp.2d 742, 745 n.2. (S.D.W.Va. 2005).

In contrast, under sentence four of 42 U.S.C. § 405(g), "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." Because a sentence four remand essentially "terminates the litigation with victory for the plaintiff," the court enters a final judgment dismissing the case and removing it from the court's docket. *Shalala v. Schaefer*, 509 U.S. 292, 299, 113 S. Ct. 2625, 2630-31, 125 L. Ed. 2d 239 (1993) ("Under § 405(g), 'each final decision of the Secretary [is] reviewable by a *separate* piece of litigation," and a sentence-four remand order '*terminate[s]* the civil action' seeking judicial review of the Secretary's final decision.") (quoting in *Sullivan v. Hudson,* 490 U.S. 877, 892, 109 S.Ct. 2248, 2258, 104 L.Ed.2d 941 (1989).

Given that Claimant moved this court to reverse and remand the decision of the Commissioner, then filed a brief in support of that position, and the Commissioner ultimately agreed to a remand without contesting any of the arguments raised by Claimant, the court concludes that Claimant is entitled to reversal and remand of the Commissioner's decision on the grounds asserted in her brief. Moreover, the court notes that in her motion to remand, the Commissioner asks for a sentence four remand; thereby, implicitly conceding termination of the judicial proceeding in Claimant's favor.[1] Accordingly, the court hereby **GRANTS** Plaintiff's motion for judgment on the pleadings, to the extent that it requests reversal and remand, (ECF No. 10); **GRANTS** Defendant's motion to remand, (ECF No. 13); **REVERSES** the final decision of the Commissioner; **REMANDS** this matter pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this opinion; and **DISMISSES** this action from the docket of the Court. A Judgment Order will be entered accordingly.

The Clerk of this Court is directed to transmit copies of this Memorandum Opinion to counsel of record.

**ENTERED:** August 2, 2016

Cheryl A. Eifert
United States Magistrate Judge

---

[1] Furthermore, this case does not present either of the factual scenarios that would typically support a sentence six remand. The Commissioner's motion was not made until *after* the answer was filed, and neither party has offered new evidence that was not previously made a part of the record.

4